[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiff, who is a painting contractor, seeking money damages from the defendant for an alleged unpaid bill. In February, 1997 the plaintiff was hired by the defendant to perform certain painting and staining services at the Pond Hollow Condominiums in Hamden. This was a large job, CT Page 5648 with a contract price of about $44,000, and included all or substantially all of the condominium buildings. This "main contract" was completed in late September or early October, 1997 and the plaintiff was fully paid for this work.
While work on the so-called main contract was progressing, the defendant hired the plaintiff to perform certain additional painting work as evidenced by Exhibit A. The agreed price on this second contract was $4,085.24. Work on this contract was completed in early July 1997, and the defendant was billed on July 7, 1997. On March 2, 1998 the defendant paid $2,045.00 towards this bill but has refused to pay the balance.
The basis of the refusal to pay the balance is set forth in the defendant's special defense which in summary alleges that the work was not done satisfactorily or completely. By way of counterclaim, the defendant alleges that because the work was done defectively and not finished, the defendant will have to hire another painter to remedy the defective work and complete the work not done by the plaintiff, and therefore the defendant seeks money damages.
The defendant offered evidence tending to show that in some minor respects the staining work on the patios and railings performed under the main contract chipped and peeled within one year of the completion of the work, and that a few doors were not painted. However, as pointed out above, this suit is for the balance owed on the second contract. The court heard no evidence that the work performed under the second contract was not done satisfactorily. Therefore, since the court heard evidence proving that the work on the second contract was done, and there is no evidence that this work was unsatisfactory, the plaintiff is entitled to be paid on the second contract.
The special defense is directed at the allegations of the complaint which seeks recovery for the balance owed on the second contract. As pointed out earlier, there was no evidence offered to show that the work on the second contract was done improperly. Therefore, the special defense has not been proven.
The counterclaim is broader than the special defense. The gist of the counterclaim is that the work performed under both contracts was done in an unworkmanlike manner and that it was not completed, and that the defendant will be required to expend money to remedy the work done and not done by the plaintiff. In CT Page 5649 order to prevail on the counterclaim the defendant was required to prove that the plaintiff did not perform his work satisfactorily and the cost of remedying the defective work. While there was evidence of some peeling and chipping of certain stained areas and a claim that several doors were not painted, there was no evidence of any expense incurred or to be incurred in order to remedy these areas. Therefore, the defendant has failed to prove the allegations of its counterclaim.
Judgment may enter in favor of the plaintiff for $2,040.24.
William L. Hadden Judge Trial Referee